IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:15-cr-00301-AA |
| Plaintiff | OPINION AND ORDER |
| v. | |
| CHRISTOPHER ALAN SMITH, | |
| Defendant. | |

AIKEN, Judge:

Defendant is charged with failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). Defendant moves to dismiss the indictment on grounds that the Sex Offender Registration and Notification Act (SORNA) does not apply to him, and, as a result, the indictment fails to allege a violation of a criminal offense. The government opposes the motion. On April 12, 2016, the court heard oral argument from both parties. The motion is denied.

## DISCUSSION

SORNA was enacted to create a "'comprehensive national system for the registration' of sex offenders and offenders against children." *United States v. Elkins*, 683 F.3d 1039, 1040 (9th

1    - OPINION AND ORDER

Cir. 2012); 42 U.S.C. § 16901. To that end, "sex offenders" must register as such in their relevant jurisdictions and update their registration if changes to their names, residence, employment, or student status occur. *See* 42 U.S.C. § 16913(a),(c). SORNA defines the term "sex offender" as "an individual who was convicted of a sex offense." *Id.* §16911(1).

In this case, defendant has a prior State of Vermont conviction for committing lewd and lascivious conduct with a child under the age of sixteen. 13 V.S.A § 2602(b)(1). The government alleges that defendant traveled from Tennessee to Oregon without registering or updating his sex-offender status as required by SORNA. 18 U.S.C. § 2250(a). Defendant moves to dismiss the indictment on grounds that his prior Vermont conviction does not meet the definition of "sex offense" under SORNA and the registration requirement does not apply to him. Specifically, defendant maintains that the court must employ the "categorical approach" to determine whether his prior conviction constitutes a "sex offense." Under the categorical approach, defendant contends that the Vermont statute underlying his prior conviction is "overbroad" and does not categorically match the elements of a "sex offense," because it criminalizes conduct that is neither "sexual contact" nor a "sexual act" as defined by federal law. *See* § 18 U.S.C. 2246(2),(3) (providing definitions for sexual contact and sexual act under the "Sexual Abuse" subchapter). I disagree with defendant's analysis and argument.

Defendant is correct that SORNA defines the term "sex offense" as an offense that has "an element involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(5)(A)(i). However, a "sex offense" also includes "a criminal offense that is a specified offense against a minor," which is the relevant type of sex offense in this case. *Id.* § 16911(5)(A)(ii). Importantly, the definition of "specified offense against a minor" does not include the terms "sexual contact"

or "sexual act." Instead, Congress defined the term "specified offense against a minor" as "an offense against a minor that involves ... criminal sexual conduct involving a minor" or "any conduct that by its nature is a sex offense against a minor." *Id.* § 16911(7)(H),(I). I find no authority that imports the meanings of "sexual contact" and "sexual act" into the definition of "specified offense against a minor."

Granted, SORNA does not define "sexual conduct" or conduct that "by its nature" is a sex offense. However, the fact that these terms are not defined does not mean that Congress intended to import the more limiting definitions of "sexual contact" or "sexual act" into the meaning of "specific offense against a minor." If Congress had so intended, it would not have enacted another definition of "sex offense" pertaining to offenses against children. In fact, through the expansive definition of "specific offense against a minor," Congress clearly intended to encompass a broad category of criminal conduct, i.e., "any conduct," that is sexual in nature and committed against a child. *Id.* § 16911(7)(expanding definition to include "all offenses by child predators"). Consequently, I will not import the terms and definitions of "sexual contact" and "sexual act" into the meaning of "specified offense against a minor" when doing so would render statutory language superfluous and contradict clear congressional intent. Accordingly, I find that the terms "sexual contact" and "sexual act" have no relevance to and no bearing on whether defendant's prior conviction constitutes a "specified offense against a minor."

Given the broad definition of "specific offense against a minor" as an offense that "involves" sexual conduct, the government argues that the categorical approach does not apply, and the court may look to defendant's conduct underlying his prior conviction to determine if it involved "criminal sexual conduct involving a minor." 42 U.S.C. § 16911(7); *United States v.*

*Rogers*, 804 F.3d 1233, 1237 (7th Cir. 2015) (explaining that the language of an "offense involving" certain types of conduct is "fact-specific language, strongly suggesting that a conduct-based inquiry applies"); *see also United States v. Gonzalez-Medina*, 757 F.3d 425, 430 (5th Cir. 2014) (stating that SORNA's "reference to conduct, rather than elements, is consistent with a circumstance-specific analysis"); *United States v. Byun*, 539 F.3d 982, 992 (9th Cir. 2008) (accord). Courts agree that interpreting "'specified offense against a minor' to allow circumstance-specific inquiry into the age of the victim and conduct underlying the offense is both reasonable and in line with Congress's statement that the term should 'include *all* offenses by child predators.'" *Suhail v. U.S. Atty. Gen.*, 2015 WL 7016340, at *8 (E.D. Mich. Nov. 12, 2015) (quoting 42 U.S.C. § 16911(7)); *see also id.*, at *7 (citing cases); *United States v. Piper*, 2012 WL 4757696, at *4 (D. Vt. Oct. 5, 2012). In his Vermont case, defendant admitted to inserting his penis inside the mouth of a minor under the age of sixteen; this conduct is clearly "criminal sexual conduct" and conduct that, "by its nature," is a sex offense against a child.

Defendant nonetheless maintains that the Ninth Circuit's opinion in *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1133 (9th Cir. 2013), requires application of the categorical approach to determine whether his prior conviction qualifies as a "sex offense." However, *Cabrera-Gutierrez* involved a different statutory provision and a different definition of the relevant sex offense. *See id.* at 1132 (relevant SORNA provision defined sex offender as "a sex offender whose offense…is comparable or more severe than…aggravated sexual abuse or sexual abuse" as defined by federal law). Therefore, I do not find *Cabrera*-Gutierrez controlling.

Regardless, even if the elements of the Vermont statute prohibiting lewd and lascivious conduct against a minor must "categorically" match a "specified offense against a minor," I find

that they do. Again, SORNA defines a "specified offense against a minor" as an offense that "involves…criminal sexual conduct involving a minor" or "any conduct that by its nature is a sex offense against a minor." *Id.* § 16911(7)(H),(I). The elements of defendant's prior offense of conviction are 1) the willful and lewd, 2) commission of a lewd and lascivious act, 3) upon or with the body of a child under the age of sixteen, 4) "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of such person or such child." 13 V.S.A. § 2602(a); *State v. Beaudoin*, 970 A.2d 39, 48 (Vt. 2008).

Certainly, a willful act committed "upon or with the body of a child" to "arouse, appeal to, or gratify" the person's or the child's "sexual desires" categorically qualifies as "criminal sexual conduct involving a minor" and an offense that "by its nature is a sex offense against a minor." Even without looking to the conduct underlying defendant's prior conviction, he was convicted of an offense that categorically qualifies as a "specified offense against a minor" under SORNA.

## CONCLUSION

Accordingly, defendant's motion to dismiss (doc. 21) is DENIED.

IT IS SO ORDERED.

Dated this 13 day of April, 2016.

_____
Ann Aiken
United States District Judge